27 C.C.P.A. (Patents)

In re PERRINE.

Patent Appeal No. 4310.

Court of Customs and Patent Appeals.
April 29, 1940.

John G. Sbarbaro, of Washington, D. C. (Alexander F. Baillio, of Detroit, Mich., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before . GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

After two petitions for reconsideration of the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in rejecting the appealed claims here in controversy, the appellant has appealed to this court. Three claims were allowed and the appeal here relates to claims 22, 23, 25, 27 to 29, inclusive, and 31 to 33, inclusive. Claim 22 is illustrative of the appealed claims, and reads: "22. In an internal combustion engine, a carburetor, a valve for regulating the passage of combustible mixture from the carburetor to the engine, and means for delimiting the minimum rate of passage of combustible mixture from the carburetor to the engine, including a shaft, a cam for limiting movement of the valve toward its closed position journalled on the shaft, and a thermosensitive element for adjusting the cam."

The reference relied upon is: Freer, 1,-428,772, September 12, 1922.

The invention relates to an automatic choke for a carburetor used on automobiles, and involves, among other things, the agency of a thermostatic device, a valve, shaft and cam as a means for limiting the movement of the valve which affects the amount of gasoline being transmitted.

The examiner held that the rejected claims read squarely on the reference, while the board held that the claims did not "define patentably over the reference."

Appellant has urged here a number of errors and assigns ten points for discussion. They are closely related to each other and those that are of sufficient importance to require attention here will be embodied in the discussion which follows.

The Freer patent relates to a choke which is quite similar in structure to that of applicant, and is referred to by the patentee as an "engine compression regulator or system." It adjusts the degree of compression upon substantially the same principle as that disclosed by the applicant. However, appellant has made much of the contention that the patent discloses two valves, referred to as valves E and F, where but one is shown in applicant's structure. Freer, as is pointed out by the board, definitely states: " * * * While I have shown and described the valve F as being separate from the valve E it is of course possible that the two valves might be combined in one and various other changes made in the details of construction (which is illustrated mostly diagrammatically) without departing from the scope of my invention."

Concerning the two valves in controversy in the reference patent, the examiner stated: "It is the examiner's position that the fact that Freer finds it advisable to make use in addition to the automatic throttle F, of a manually operated throttle E, by means of which the operator may control the mixture supply to the engine independently of the automatic throttle, does not defeat this reference. It is believed that to omit the said manually controlled throttle, followed by the loss of its function will not amount to invention. In fact, it will not even be necessary to omit it; having it open at all times will eliminate any interference by it in the control of the mixture by the automatic means. It is believed, therefore, that use or the omission of the manually operated valve E is a mere matter of choice and does not amount to invention."

It was the holding of the board that in view of the teachings of the patentee it did not amount to invention to omit the valve E and that it was settled law that the omission of a portion of a structure together with its function does not amount to invention and that when valve E in the patent was disregarded the involved claims read thereon.

Appellant disputes this being a correct conclusion and argues that under the circumstances of this case it did amount to invention, over that which is disclosed in the patent, to do what applicant has done. He contends that the valve E is essential to the operation of Freer, that valve E cannot be disregarded, and that if valve E is omitted in the reference, the patentee's structure would not operate as intended, and the point is further stressed at great length that the Freer device is "inately and incurably inoperative and useless."

■ It is ordinarily true that the omission of an element and its function is uninventive. In re Trester, 36 F.2d 133, 17 C.C. P.A., Patents, 642; In re Fischer, 58 F. 2d 1060, 19 C.C.P.A., Patents, 1219; In re Porter, 68 F.2d 97, 21 C.C.P.A., Patents, 927; and In re Swingle et al., 92 F.2d 709, 25 C.C.P.A., Patents, 706. The board pointed out on reconsideration that regardless of whether it would make the Freer device inoperative to omit valve E, the patentee taught that the two valves might be combined into one and that in view of said teaching it would not be inventive to do what appellant has done.

The attorney for the Commissioner of Patents in this court has presented the contention that even if it was assumed for the purpose of argument that the Freer device was inoperative and useless, it does not necessarily follow that claims which fail to distinguish patentably over the structure of the reference should be allowed, and cites In re Crecelius, 86 F.2d 399, 402, 24 C.C. P.A., Patents, 718. In that case this court said: "Furthermore, as well stated by the examiner, ' * * * it is elementary that the claims must distinguish from the references even if they are inoperative.'"

See, also, General Electric Co. v. Nitro Tungsten Lamp Co., 2 Cir., 266 F. 994.

■ We have carefully considered the various contentions made in this court by the appellant but we are not convinced that the board erred in its decision affirming that of the examiner in rejecting the claims at bar. Much argument is made concerning the virtue of the applicant's device and the lack of utility in the patent. The fact that good results may flow from applicant's device and not from that of the reference is stressed at length.

We agree with the Patent Office tribunals that allowable claims must distinguish over the structure of the reference regardless of the results obtained. A patent of this character is granted on account of an inventor's contribution in the form of structure and not solely upon results.

The decision of the Board of Appeals is affirmed.

Affirmed.