31 C.C.P.A. (Patents)

**In re BLAIR.**

**Patent Appeal No. 4866.**

Court of Customs and Patent Appeals.

April 4, 1944.

Baldwin & Wight, of Washington, D. C. (Donald M. Wight, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Claims 24 and 25 having been allowed by the tribunals of the United States Patent Office in appellant's application for a patent, the Primary Examiner rejected claims 2, 8, 20, 21, 22, and 23 thereof, and appeal has been taken here from the decision of the Board of Appeals affirming that of the examiner.

Appellant's application relates to luminous discharge lamps, which appellant states are intended for use in connection with photographic enlargers and projectors. The lamp comprises a hermetically sealed container, having as one of its walls a preferably flat glass plate coated with luminescent material, through which light is emitted. The container is somewhat flat, and the drawing shows the same to have a rounded upper and side wall portion interiorly coated with a reflecting material. The space within the container is filled with argon or other rare atmospheric gas and contains a small amount of mercury. It is generally understood that in this character of lamp the air is partially evacuated from the chamber before the insertion of the gas. At opposite ends of the space, elongated rods or wire-shaped electrodes are positioned, preferably in parallelism with each other. Appellant states that the electrodes should be very long in comparison with their transverse sections. When these electrodes are suitably connected with electric current, a strong band of ultraviolet light is formed or arced across the container.

It is emphasized in all the appealed claims, which are article claims, that the interior of the container between the electrodes is free from means capable of modifying locally the intensity or uniformity of the illumination through the front wall, and that the gaseous discharge medium within said container extends "uninterruptedly over the whole area of said translucent wall between and throughout the length of said electrode means."

Claims 2 and 21 are illustrative of the appealed subject matter and read as follows:

"2. In a gaseous discharge type lamp for providing uniform illumination over a substantial area, a hermetically sealed container having a translucent wall of substantial area; elongated mutually independent and electrically parallel electrode means mounted within the container in spaced apart relation, and respectively adjacent opposite ends of said wall; a gaseous discharge medium within said container and extending uninterruptedly over the whole area of said translucent wall between and throughout the length of said electrode means; and means for supplying current to said electrode means thereby to promote an uninterrupted ribbon-like luminous positive column discharge be-

tween said electrode means and generally paralleling said wall and effective to provide uniform illumination through said wall, the interior of the container between said electrode means being free from means capable of modifying locally the intensity of illumination through said wall.

"21. In a gaseous discharge type lamp for providing uniform illumination over a substantial area, a hermetically sealed container having a translucent wall of substantial area; elongated mutually independent and electrically parallel electrode means mounted within the container in spaced apart relation, and respectively adjacent opposite ends of said wall; a gaseous discharge medium within said container and extending uninterruptedly over the whole area of said translucent wall between and throughout the length of said electrode means; and means for supplying current to said electrode means thereby to promote an uninterrupted ribbon-like luminous positive column discharge between said electrode means and generally paralleling said wall and effective to provide uniform illumination through said wall, the interior of the container between said electrode means being free from means capable of modifying locally the intensity of illumination through said wall, said translucent wall being substantially flat and rectangular and coated with a material which extends throughout the length of and over the whole surface area intervening said electrode means and is fluorescent during discharge between said electrode means."

The references cited by the examiner are: Miller 1,724,298 Aug. 13, 1929; Prisner (Br.) 325,592 Feb. 24, 1930; Römer 2,001,852 May 21, 1935; Brady 2,008,782 July 23, 1935; Michel 2,185,674 Jan. 2, 1940.

While the Michel patent was referred to by the examiner in the prosecution of the application, no mention is made of it in the examiner's statement or in the board's decision, other than its mere listing, and we find it unnecessary to refer to it here.

The British patent to Prisner is the basic reference. It shows substantially all that is disclosed by appellant's application, which is regarded as important here. However, the British disclosure differs from that of appellant in that the top plate or reflecting plate preferably has serrations or projections extending "over the whole or part of their length right across the inter-

vening space between the plates, though in some cases the necessary strength to withstand the heavy strains imposed, due to the low pressure within the lamp may be obtained without taking the serrations completely across the said space." The object of the serrations or supporting projections is to prevent the collapse of the structure owing to the exhaustion of the atmospheric pressure from the interior.

The Brady patent for a luminous sign, not referred to by the board though listed with the references in its decision, was relied upon by the examiner in rejecting a number of the claims. The examiner pointed out that there were supporting ribs or members across the arcing space and that in one modification there were four small rings, which were the only interference with the gaseous discharge. It was the view of the examiner that it would not be inventive to omit the rings or supporting ribs.

The Römer patent for an illuminating element shows a gaseous chamber which is uninterrupted except by spacing elements between the walls, which partially interrupt the passage of the electric current and which are so placed as to support the two surfaces of the chamber against "being pressed in by atmospheric pressure, owing to the vacuum prevailing in the illuminating chamber."

Miller was referred to by the examiner and by the board as showing the fluorescent coating feature defined by some of the appealed claims. The examiner also referred to that patent as showing the reflecting surface called for by some of the claims.

While other phases of appellant's structure are emphasized, and one feature of the same (a plurality of serially aligned individual electrode portions) resulted in the eventual allowance of claims 24 and 25, the main feature of the claimed invention rests in the limitation found in all the appealed claims with reference to the uninterrupted path of the gaseous discharge, brought about by the fact that the serrations or supporting projections have been eliminated from the devices of the prior art. It seems to us that if the appealed claims define invention over the prior art, it rests solely in this limitation.

Appellant argues that since his device is a gaseous discharge lamp which requires uniform illumination to be used in connection with photographic enlargers or projectors, he has brought about a new and

useful result, not of degree but of kind; that his device is the only one to which reference has been made that is specially designed for solving the said photographic enlarger problem; and that it is obvious from the British patent, as well as from the Brady and Römer patents, that the supporting projections which extend down into the pathway of the electrical current passing between the electrodes will, by interrupting the current, promote a lack of uniformity in the light which emanates from the lamp. He points out that in the British patent the so-called prismatic serrations or projections are relied upon by Prisner as being useful for reflecting and dispersing daylight when the lamps are not electrically connected.

It was the view of the board, in which we concur, that under the circumstances it would not constitute invention to omit the serrations of the British patent and thus sacrifice the function which they have. It seems obvious that this could not be done successfully in a large lamp from which most of the atmospheric pressure had been taken, and that if appellant's device does not collapse, it must be because it is small and designed for use in relatively small apparatus. There is nothing in the claims at bar with reference to either the use to which appellant's lamps are put or the size or heaviness of the material of which they are constructed.

Appellant contends that in the new use to which he puts his lamps, the omission of said feature disclosed by the prior art brought about new, useful, and unobvious results, and that therefore his claims define invention. As before stated, the claims at bar are article claims and not method or process claims, and they call for no new use.

It is a general rule in patent law that the omission of an element and its function is not inventive. In re Perrine, 111 F.2d 177, 27 C.C.P.A., Patents, 1127, and cases there cited. While there may be exceptions to this rule (see Glade, Jr. v. Walgreen Co., 7 Cir., 122 F.2d 306, we are not convinced that the facts of the instant case can be the basis for making such an exception. The case of In re Snyder, 67 F.2d 493, 21 C.C.P.A., Patents, 720, does not support appellant's contentions. That case involved the omission of an element of a combination and adding an element thereto. If appellant in the instant case had omitted the serrations and retained their function, a different question would be presented. The rule is well stated by the Supreme Court in Richards v. Chase Elevator Co., 159 U.S. 477, 16 S.Ct. 53, 54, 40 L.Ed. 225, as follows: "* * * While the omission of an element in a combination may constitute invention if the result of the new combination be the same as before, yet, if the omission of an element is attended by a corresponding omission of the function performed by that element, there is no invention if the elements retained performed the same function as before. * * *"

This court succinctly stated the rule in Re Fischer, 58 F.2d 1060, 1061, 19 C.C.P.A., Patents, 1219. We quote therefrom the following: "It is well established that there is nothing inventive in omitting a part of a device and also the function of that part. In re Trester, 36 F.2d 133, 134, 17 C.C.P.A. [Patents], 642; In re Fry, 54 F.2d 433, 19 C.C.P.A. [Patents, 825].

"It is equally well established that omitting a part of a device while retaining the functions of the part omitted may be invention. Richards v. Chase Elevator Co., 159 U.S. 477, 16 S.Ct. 53, 40 L.Ed. 225."

As to the argument that appellant has produced a new and useful result by the omission of the serrations and their function, it is sufficient answer to say that such omission would obviously produce no other improved result than that of degree, not of kind, and that the omission was obvious and not prompted by an inventive concept.

It would seem obvious to one who wanted an uninterrupted current and who desired to construct a lamp small enough to withstand the atmospheric pressure that he might omit the supporting projections between the plates shown in the prior art. Prisner definitely states that his projections need not project entirely across the intervening chamber space. To that extent he has an uninterrupted flow of current where the projections are not interposed. It is our view that Prisner's statement that his prismatic serrations or projections may also be used for reflecting daylight does not change the situation. Claim 1 of Prisner reads directly upon appellant's structure except for the limitation therein contained relating to the serrations to which reference has herein been made.

While appellant may have greatly improved the art relating to the particular

kind of device here involved, for the purposes for which he intends to use it, we do not think he has done more than that which one skilled in the art would do when confronted with appellant's problem. The appealed claims define nothing inventive over the said cited art, and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.