34 C.C.P.A.(Patents)

## In re CROSBY.
### Patent Appeal No. 5144.

Court of Customs and Patent Appeals.
June 27, 1946.

Rehearing Denied Sept. 30, 1946.

Charles M. Palmer, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting claims 128 to 131, inclusive, of a patent application for a "Stapling Machine" as unpatentable over the patent to Bloodworth, No. 373,265, dated November 15, 1887. Ten claims have been allowed.

The involved claims read as follows:

"128. In a stapling machine, means for supporting staples, means at the front end of said supporting means and constituting therewith a staple guideway, means movably guided relative to said supporting means for covering or uncovering the latter, a follower slidably guided on said supporting means, means for automatically shifting said follower rearwardly relative to said supporting means upon displacement of said movably guided means in a direction away from said guideway, and means for automatically shifting said follower in a direction towards said guideway upon movement of said movably guided means in a direction towards said guideway.

"129. In a stapling machine, means for supporting staples, means at the front end of said supporting means and constituting therewith a staple guideway, means movably guided relative to said supporting means for covering or uncovering the lat-

ter, a follower slidably guided on said supporting means, means for automatically shifting said follower rearwardly relative to said supporting means upon displacement of said movably guided means in a direction away from said guideway for uncovering of said supporting means, and means for automatically shifting said follower forwardly in a direction towards said guideway upon movement of said movably guided means in a direction towards said guideway to cover said supporting means in operative relation therewith.

"130. In a stapling machine, staple supporting means, means at the front end of said supporting means and constituting therewith a staple guideway, means movably guided relative to said supporting means for covering or uncovering the latter, a follower slidably guided on said supporting means, and a connection between said follower and said movably guided means for automatically shifting said follower rearwardly relative to said guideway upon displacement of said movably guided means in a direction away from said guideway.

"131. In a stapling machine, means for supporting staples, means at the front end of said supporting means and constituting therewith a staple guideway, means reciprocably guided relative to said supporting means for covering or uncovering the latter, a follower slidably guided relative to said supporting means, a connection between said follower and said means reciprocably guided relative to said supporting means for automatically shifting said follower rearwardly relative to said guideway upon displacement of said means reciprocably guided relative to said supporting means in a direction away from said guideway, and means for automatically urging said follower in a direction towards said guideway in the covered relation of said supporting means by said means reciprocably guided relative to said supporting means."

The invention relates to a stapling machine suitable for use with paper on a table or the like, in the home, school or office. The device has a flat elongated base, on the upper side of which, near its front, is an anvil upon which the staples are clinched. Swingably attached to the back end of the base is a stapling arm which extends forwardly to the anvil. The arm consists of a cover through the forward end of which passes a driver which, when struck by hand, forces the staple onto the anvil, and, beneath the cover and substantially coterminous therewith, a magazine into which is placed a strip of staples. Immediately behind the strip and on the same plane is a follower which is actuated to force the strip into forward movement by means of a spiral spring attached to the follower and extending over a block near the nose of the cover to the back end thereof where it is fastened. When unlatched the cover is swung up from the magazine so that the latter may be loaded with staples, and the entire arm may be so moved when desired by means of a trigger under the base.

The Bloodworth patent relates to a staple driver for driving staples into posts or the like in the making of wire fences or similar things. It is of right-angular form, the portion containing the staples being held parallel to the post while the driving mechanism is at right angles to the post. As the staples are fed from the former member into an aperture in the latter a hammer is driven against the staple, ejecting it from the device into the post. The patent. discloses a means for supporting staples in a holder through which the staples are forced by a sleeve follower actuated by a spiral spring situated between the back end of the follower and the end of a handle. The handle covers the spring, the sleeve and a portion of the alined staples. It is movable in telescopic fashion so that when it is necessary to load the staples the sleeve may be moved outwardly so that an aperture through which they are passed is exposed. Secured to the inner end of the handle is a pin which passes through a longitudinal slot in the hole. When the handle is drawn outwardly the pin engages a collar on the follower and thus compresses the spring.

The examiner applied the Bloodworth structure to the rejected claims, and, answering appellant's contention that the reference fails as an anticipation for the reason that the structure is inoperative and a mere paper showing of an impractical device, stated that appellant's contention was based entirely upon "the lack of a consistent

scale in the patented disclosure." The examiner held that from the general arrangement shown in the drawings of the reference, together with the written description, there could be no doubt that the patentee intended a construction fully within the terms of the rejected claims.

Appellant's objection to the sufficiency of the reference is based on what appears to be a correct interpretation of the drawing as it appears in this respect, namely, that the slot through which the pin in the handle passes is too short to enable more than a very few of the staples to be ejected from the holder into the aperture from which they are forced into the post. The examiner held that it would be necessary only to extend the slot in order to overcome appellant's objection.

The board agreed with the reasoning of the examiner.

Appellant in his brief states that the structure in the rejected claims has a magazine for supporting the staple strip; that slidably retained in the magazine is a strip follower; that the cover is swingably actuated for opening or closing the magazine in that the cover may be moved forward or away from the front staple guideway; and that the spring in the cover is connected to the cover and the staple follower.

■ Appellant contends here that the Bloodworth patent is inoperative and, therefore, void as an anticipation. Even though it be assumed that such contention is correct, nevertheless the claims must distinguish from the reference. In re Perrine, 111 F.2d 177, 27 C.C.P.A., Patents, 1127.

It is clear that the Bloodworth device contains a magazine for supporting staples, and there is nothing in the rejected claims concerning a "staple strip." It may also be noted that the device of the patent has a staple follower slidably retained in the staple holder and that the cover, which is one of the handles, may be moved toward or away from the "front staple guideway." The spring means of the patent, however, in our opinion, does not seem to be connected to the cover or staple follower for the reason that it merely rests between the back collar of the follower and the end of the handle in which it is encased.

■ Appellant in his brief does not state that the limitations in claims 128 and 129 are not met by the structure of the patent, but argues that those two claims, together with the others, should be allowed for the reason that the device shown in the reference is inoperative. Since the patent device discloses each of the elements of claims 128 and 129, the decision of the board with respect to those two claims is affirmed.

■ The fact that the Bloodworth patent issued November 15, 1887, is not of itself sufficient to lessen its force as a reference for whatever structure it discloses. In re Bayer, 35 F.2d 66, 17 C.C.P.A., Patents, 614.

■ Claims 130 and 131 provide for "a connection between said follower and said movably guided means for automatically shifting said follower rearwardly relative to said guideway." That portion of the claim refers to the spring of appellant's disclosure, and such structure, in our opinion, does not appear in the device of the patent. In the latter the spring merely lies between the back collar of the sleeve follower and the end of the handle surrounding it. This, in our opinion, is not a connection at all. The brief of the solicitor, while agreeing that the expressions "connected to" and "a connection between" may at times be synonymous, argues that they also may with equal propriety denote different things. In our opinion, "a connection between," so far as this case is concerned, means exactly what the words would denote, that one means and another means with "a connection between" indicates that the means are tied together. This is clearly the meaning of the quoted limitation of claims 130 and 131, and since such structure is not met by the Bloodworth device, the decision of the board rejecting those claims is reversed.

The decision of the board is affirmed as to claims 128 and 129 and reversed as to claims 130 and 131.